In the Matter of MORRIS O. ALPRIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.
In the Matter of MAURICE HAAS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 28, 1962.

*Eric Nightingale* (*Michael Franck* with him on the brief), attorney for petitioner.

*Michael Kaminsky* for Morris O. Alprin, respondent.

*Louis Bender* of counsel (*Lloyd A. Hale* with him on the brief), for Maurice Haas, respondent.

*Per Curiam.* The attorneys in this disciplinary proceeding were admitted to the Bar, the respondent Alprin in 1931 in the Second Department and the respondent Haas in 1926 in this Department. In 1955, both respondents were convicted in the United States District Court for the Southern District of New York of conspiracy to defraud the United States by obstructing the Treasury Department in its function of collecting income taxes. They were sentenced to prison terms of three and two years respectively, and each served approximately one year of the terms. They also paid fines of $6,000 and $4,000 respectively. The convictions were affirmed by the United States Court of Appeals for the Second Circuit in an opinion which describes in detail the underlying facts (*United States* v. *Klein,* 247 F. 2d 908, cert. denied 355 U. S. 924).

The convictions arose out of respondents' participation, as principals and attorneys, in a complex business venture extending over many years. The principal defendant in the criminal case was a former client who had amassed a huge fortune, but successfully avoided paying taxes on much of the accumulation. Respondents' personal tax liabilities were not involved, nor was any actual evasion of taxes proven. In substance, the crimes consisted of so conducting the venture and so disposing of the benefits received by the attorneys as to make it difficult for the Treasury Department to determine what taxes, if any, were due. As the trial court observed, the crime was unique.

For purposes of section 90 of the Judiciary Law, concerning discipline of attorneys, the crime was a misdemeanor, but one arising in connection with professional representation. It is, therefore, subject to disciplinary condemnation. Apart from the convictions, respondents' conduct as members of the Bar, each for more than 30 years, has not been questioned. Moreover, in view of the sentences served by respondents, the need for additional sanctions is greatly limited.

Accordingly, respondents should be suspended for six months.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and EAGER, JJ., concur.

Respondents suspended for a period of six months.